UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOSE JUAREZ, | Case No. EDCV 17-1579-KK |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| NANCY A. BERRYHILL, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Jose Juarez ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Agency") denying his applications for Title II Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

**I.**

**PROCEDURAL HISTORY**

On June 21, 2013, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of May 7, 2012. Administrative Record ("AR") at 372-89.

Plaintiff's application was denied initially on December 16, 2013 and upon reconsideration on March 12, 2014. Id. at 129-98. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). Id. at 212.

On June 25, 2015, November 20, 2015, and April 27, 2016, Plaintiff appeared with counsel and testified at hearings before the assigned ALJ. Id. at 52-128. A medical expert and a vocational expert also testified at the hearings. Id. at 88-89, 104-17, 122-27. On June 8, 2016, the ALJ issued a decision denying Plaintiff's applications for DIB and SSI. Id. at 21-44.

Plaintiff filed a request to the Agency's Appeals Council to review the ALJ's decision. See id. at 13. On June 16, 2017, the Appeals Council denied Plaintiff's request for review. Id. at 1-3.

On August 4, 2017, Plaintiff filed the instant action. ECF Docket No. ("Dkt.") 1, Compl. This matter is before the Court on the Parties' Joint Stipulation ("JS"), filed on March 19, 2018. Dkt. 17, JS.

## II.
## PLAINTIFF'S BACKGROUND

Plaintiff was born on July 19, 1972, and his alleged disability onset date is May 7, 2012. He was thirty-nine years old on the alleged disability onset date and was between the ages of forty-two and forty-three years old throughout the course of the hearings before the ALJ. AR at 42, 374, 382. Plaintiff attended school in Mexico through the sixth grade. Id. at 119-20. Plaintiff alleges disability based on cervical, thoracic, and lumbar enthesopathy myospasms; anxiety; and depression. Id. at 129, 149.

## III.
## STANDARD FOR EVALUATING DISABILITY

To qualify for benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity, and that is expected to result in death or to last for a

2

continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

To decide if a claimant is disabled, and therefore entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

1. Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
2. Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.
3. Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.[1]
4. Is the claimant capable of performing work he has done in the past? If so, the claimant is found not disabled. If not, proceed to step five.
5. Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

See Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the

---

[1] "Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity]," or ability to work after accounting for his verifiable impairments. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222-23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)). In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## IV.
## THE ALJ'S DECISION

**A.   STEP ONE**

At step one, the ALJ found Plaintiff "has not engaged in substantial gainful activity since May 7, 2012, the alleged onset date." AR at 29.

**B.   STEP TWO**

At step two, the ALJ found Plaintiff "ha[d] the following severe impairments: degenerative disc disease of the cervical spine; degenerative joint disease of the cervical spine; status post lumbar decompression and fusion; lumbar degenerative disc disease; degenerative joint disease of the lumbar spine; lumbar radiculitis; sprains and strains of the lumbar, cervical, and thoracic spine; obesity; anxiety disorder; depression; post-traumatic stress disorder; cognitive disorder; and adjustment disorder." Id. at 30.

**C.   STEP THREE**

At step three, the ALJ found Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Id. at 30.

**D.   RFC DETERMINATION**

The ALJ found Plaintiff had the following RFC:
> to perform less than a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; can stand for

six hours in an eight-hour workday; can walk for six hours in an eight-hour workday; can sit for six hours in an eight-hour workday; can occasionally climb ramps and stairs; cannot climb ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, and crouch; cannot crawl; cannot work around moving machinery; cannot work at unprotected heights; can occasionally operate foot controls with the bilateral lower extremities; is limited to non-public, simple and routine tasks with only occasional, superficial, and non-intense interaction with co-workers.

Id. at 33.

**E.  STEP FOUR**

At step four, the ALJ found Plaintiff is "unable to perform any past relevant work." Id. at 41.

**F.  STEP FIVE**

At step five, the ALJ found "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Id. at 42.

## V.
## PLAINTIFF'S CLAIMS

Plaintiff presents four disputed issues: (1) whether the ALJ properly considered the applicability of listing 1.04(a); (2) whether the ALJ conducted a proper residual functional capacity assessment; (3) whether there is a Dictionary of Occupational Titles ("DOT") inconsistency in the ALJ's holding that Plaintiff can perform the jobs of laundry folder, garment bagger, and bench assembler; and (4) whether the ALJ properly considered the consultative examiner's findings.[2]

---

[2] The Court finds the third issue dispositive of this matter and thus declines to address the remaining issues. See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand.").

# VI.
# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

"Substantial evidence" is evidence that a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick, 157 F.3d at 720 (citation omitted); see also Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (stating that a reviewing court "may not affirm simply by isolating a 'specific quantum of supporting evidence'") (citation omitted). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

The Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). If the ALJ erred, the error may only be considered harmless if it is "clear from the record" that the error was "inconsequential to the ultimate nondisability determination." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (citation omitted).

# VII.
# DISCUSSION
# THERE IS AN UNRESOLVED INCONSISTENCY BETWEEN THE ALJ'S FINDING PLAINTIFF CAN PERFORM OTHER JOBS AND THE DOT'S DESCRIPTION OF THOSE JOBS

## A. RELEVANT FACTS

In assessing Plaintiff's RFC, the ALJ concluded Plaintiff could not perform work around moving machinery. AR at 33. At the final ALJ hearing, the ALJ proposed a hypothetical question to the vocational expert ("VE") based on Plaintiff's RFC, including his inability to work around moving machinery. Id. at 124-25. The VE testified Plaintiff would be capable of performing work as a laundry folder (DOT code 369.687-018), garment bagger (DOT code 920.687-018), and bench assembler (DOT code 706.684-022). Id. at 125. The ALJ asked the VE if her testimony was consistent with the information in the DOT. Id. at 127. She stated that it was consistent. Id. Based on this testimony, the ALJ concluded Plaintiff was capable of performing work as a laundry folder, garment bagger, and bench assembler. Id. at 42-43.

## B. APPLICABLE LAW

At Step Five, the burden shifts to the Commissioner "to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations." Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (quoting Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995)). The ALJ first assesses a claimant's RFC and then considers potential occupations the claimant may be able to perform. Id. In making this determination, the ALJ relies on the DOT which is "the best source for how a job is generally performed is usually the Dictionary of Occupational Titles." Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001) (citations omitted). An ALJ also may rely on the testimony of a

vocational expert concerning the requirements of a particular occupation. See Johnson, 60 F.3d 1428 at 1435 (citation omitted).

Before relying on vocational expert testimony concerning the requirements of a particular occupation, "the ALJ must ask the VE if his or her testimony is consistent with the DOT." Wentz v. Commissioner Social Sec. Admin., 401 Fed. App'x 189, 191 (9th Cir. 2010) (citing Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007)). When there is an apparent conflict between the DOT and the VE's testimony, the ALJ is required to reconcile the inconsistency. Massachi, 486 F.3d at 1153-54. An ALJ's "failure to resolve an apparent inconsistency may leave . . . a gap in the record that precludes us from determining whether the ALJ's decision is supported by substantial evidence." Zavalin 778 F.3d at 846 (citing, inter alia, Social Security Ruling ("SSR") 00-4P).

SSR 00-4P provides in relevant part:

> In making disability determinations, we rely primarily on the DOT. . . for information about the requirements of work in the national economy. We use [the DOT] at steps 4 and 5 of the sequential evaluation process. We may also use [vocational experts] . . . at these steps to resolve complex vocational issues. . . .
>
> Occupational evidence provided by a [vocational expert] . . . generally should be consistent with the occupational information supplied by the DOT. <u>When there is an apparent unresolved conflict between [vocational expert] . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert]. . . evidence to support a determination or decision about whether the claimant is disabled. . . .</u>
>
> Neither the DOT nor the [vocational expert] . . . evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by

> the [vocational expert] . . . is reasonable and provides a basis for relying on the [vocational expert] . . . testimony rather than on the DOT information.

See SSR 00-4P, 2000 WL 1897804, at *2 (Dec. 4, 2000) (emphasis added).

**C.    WAIVER**

As a preliminary matter, the Commissioner cites Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999), and argues Plaintiff waived the issue of DOT inconsistency by failing to raise it at the administrative hearing at which she was represented by counsel. JS at 17-18. However, the Supreme Court has called this finding into question, holding that a "judicially created issue-exhaustion requirement is inappropriate" in Social Security cases because the reasons for applying this requirement are much weaker in these types of cases. Sims v. Apfel, 530 U.S. 103, 112, 120 S. Ct. 2080, 147 L. Ed. 2d 80 (2000). Indeed, plaintiffs "need not preserve issues in proceedings before the Commissioner or her delegates." Norris v. Colvin, No. EDCV 12-1687 RNB, 2013 WL 5379507, at *3 (C.D. Cal. Sept. 25, 2013).

More specifically, "an ALJ is required to investigate and resolve any apparent conflict between the VE's testimony and the DOT, regardless of whether a claimant raises the conflict before the agency." Shaibi v. Berryhill, 883 F.3d 1102, 1109 (9th Cir. 2017) (distinguishing from situation where claimant waived right to invoke non-DOT sources to challenge vocational expert's job-number estimates because the ALJ had no duty sua sponte to take administrative notice of non-DOT sources) (citing SSR 00-4P). Ninth Circuit "law is clear that a counsel's failure [to raise the issue] does not relieve the ALJ of his express duty to reconcile apparent conflicts through questioning: 'When there is an apparent conflict between the vocational expert's testimony and the DOT – for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle – the ALJ is required [under SSR 00-4P] to reconcile

9

the inconsistency.'" Lamear v. Berryhill, 865 F.3d 1201, 1206 (9th Cir. 2017) (quoting Zavalin, 778 F.3d at 846).

Accordingly, Plaintiff did not waive his claim and the Court will proceed to the merits.

## D.  ANALYSIS

Here, the ALJ assessed an RFC precluding Plaintiff from work around moving machinery. AR at 33. The vocational expert identified three jobs an individual with Plaintiff's RFC could perform: laundry folder, garment bagger, and bench assembler. Id. at 125. According to the DOT, however, each of these jobs includes work around moving machinery. See DOT 369.687-018, 1991 WL 673072 (1991) (laundry folder may use "button-sewing-machine" or "button-attaching machine," and "[m]ay unload tumbler"); DOT 920.687-018, 1991 WL 687965 (1991) (garment bagger may "[h]ang[] garment on holder in machine," "push[] button or move[] lever to close heating irons," "drop[] shirts or folded articles into machine," or "remove[] boxes from beneath machine"); DOT 706.684-022, 1991 WL 679050 (1991) (bench assembler "performs . . . tasks on assembly line," "fastens parts together . . . using . . . portable powered tools," "loads and unloads previously setup machines, such as arbor presses, drill presses, taps, spot-welding machines, riveting machines, milling machines, or broaches, to perform fastening, force fitting, or light metal-cutting operation on assembly line").

The ALJ purported to rely on the VE's opinion to find Plaintiff not disabled, however, the ALJ failed to recognize the apparent inconsistencies between Plaintiff's RFC and the job requirements of laundry folder, garment bagger, and bench assembler. Consequently, the ALJ failed to ask the VE to explain how a person with Plaintiff's limitations could nevertheless perform these jobs. This failure to resolve the apparent and obvious conflict between the VE's opinion and the DOT constitutes error and precludes this Court from finding the decision to be

supported by substantial evidence.  See SSR 00-4P; <u>Light v. Social Sec. Admin.</u>, 119 F.3d 789 (9th Cir. 1997); <u>Johnson</u>, 60 F.3d at 1435.

## VIII.
## RELIEF

**A.  APPLICABLE LAW**

"When an ALJ's denial of benefits is not supported by the record, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."  <u>Hill</u>, 698 F.3d at 1162 (citation omitted).  "We may exercise our discretion and direct an award of benefits where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed."  <u>Id.</u> (citation omitted).  "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated."  <u>Id.</u> (citations omitted); <u>see also</u> <u>Reddick</u>, 157 F.3d at 729 ("We do not remand this case for further proceedings because it is clear from the administrative record that Claimant is entitled to benefits.").

**B.  ANALYSIS**

In this case, the record has not been fully developed.  The ALJ must reassess Plaintiff's ability to perform other jobs in light of the RFC findings and resolve the apparent inconsistencies between the VE's testimony and the DOT.

Accordingly, remand for further proceedings is appropriate.

///
///
///
///
///
///

## IX.
## **CONCLUSION**

For the foregoing reasons, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this action for further proceedings consistent with this Order. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

Dated: March 28, 2018

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge